# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

BENJAMIN P. FRAZIER,

    Plaintiff,

vs.

RANDALL H. PIKE, et al.,

    Defendants.

Case No. 2:17-cv-01609-APG-VCF

**REPORT AND RECOMMENDATION**

This matter involves *pro se* Plaintiff Benjamin P. Frazier's § 1983 action against Clark County Public Defenders Randall H. Pike, David M. Schieck, and W. Jeremy Storms for the ineffective assistance of counsel. Before the Court is Mr. Frazier's Complaint (ECF No. 1). For the reasons stated below, Mr. Frazier's Complaint should be DENIED WITHOUT PREJUDICE.

## I. DISCUSSION

Mr. Frazier's filings present one question for the Court: (1) whether Mr. Frazier's Complaint states a plausible claim for relief. The Court concludes that it does not.

### A. Whether Mr. Frazier's Complaint States a Plausible Claim for Relief

As a general rule if an incarcerated person (1) submits a complaint and (2) files a fully complete *in forma pauperis* application or pays the full filing fee for a civil action, the Court must screen the incarcerated person's complaint and issue a separate screening order in the future. Here, Mr. Frazier did not file an *in forma pauperis* application. Instead, Mr. Frazier paid the full filing fee for this civil action. Accordingly, the Court must review Mr. Frazier's Complaint to determine whether the Complaint is frivolous, malicious, or fails to state a plausible claim. The Court begins with a brief review of the legal standard guiding its review.

### a. Legal Standard

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), a Federal Court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Fed. R. Civ. P. 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him

or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*; *see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing Court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

3

Mr. Frazier brings three counts against Clark County Public Defenders Randall H. Pike, David M. Schieck, and W. Jeremy Storms pursuant to § 1983 for violations of the Fifth Amendment, Sixth Amendment, and Fourteenth Amendment. *See* ECF Nos. 4, 16, 18. This action arises from Randall H. Pike, David M. Schieck, and W. Jeremy Storms involvement in representing Mr. Frazier in criminal proceedings against Mr. Frazier in state court. After reviewing Mr. Frazier's Complaint, the Court finds that the Complaint fails to state a plausible claim for relief.

   **b. Analysis**

Mr. Frazier brings three claims against Randall H. Pike (Assistant Special Public Defender), David M. Schieck (Special Public Defender), and W. Jeremy Storms (Chief Deputy Special Public Defender) for their involvement in representing Mr. Frazier in state court, for, among other things, inadequately advocating on his behalf. In the Complaint, Mr. Frazier alleges that his Counsel has failed to timely file "motions, writs, appeals, petitions" and investigate important evidence and other matters, gave bad legal advice, and overall "abdicated their responsibilities" to Mr. Frazier by doing the bare minimum. For example, in February 2016, the Complaint alleges that Mr. Frazier asked Mr. Pike what the defense strategy for his case was. *See* ECF No. 1 at 5. Mr. Pike allegedly responded that "you don't have a defense .…" *Id*. On July 13, 2016, the Complaint alleges that Mr. Pike represented to Nevada District Court Judge Elizabeth Gonzalez that Mr. Frazier should be ready for trial in October despite informing Mr. Frazier a day or so before during a contact visit that they "were not going to be anywhere near prepared for trial by that time .…" *Id*. At 7. Mr. Frazier argues that these failures are magnified in light of the serious nature of the charges brought against him and, in particular, the State's intent to seek the death penalty.

The Complaint also alleges that Mr. Frazier's counsel have failed to advocate for his medical needs and have been "watching [him] suffer and sustain multiple serious issues and injuries throughout the years

4

while admitting the entire time that they knew [Mr. Frazier] was not receiving adequate care ….." *See* ECF No. 1 at 17.[1] The Complaint alleges that "[t]he choice to go to trial has been deprived due to [his] attorneys refusing to represent me adequately or earnestly using due process laws because they believe I am guilty, leaving me only possible viable option to sign a plea agreement." *Id*. At 18. According to the Complaint, Mr. Frazier's counsel "were well aware of the severe prejudice and the harm likely to result to my rights as defendant and as their client facing capital punishment." *Id*. A review of the allegations in the Complaint indicate that the criminal proceeding in state court is still ongoing.[2]

Mr. Frazier alleges facts that sound in a claim for ineffective assistance of counsel related to his appointed attorneys in his ongoing criminal case. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 584-85 (9th Cir. 1995) (affirming dismissal of § 1983 claim against public defender for ineffective assistance of counsel). A public defender representing a client in the lawyer's traditional adversarial role is not a state

---

[1] "Denial of medical attention to prisoners constitutes an [E]ighth [A]mendment violation if the denial amounts to deliberate indifference to serious medical needs of the prisoners." *See Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Delay of, or interference with, medical treatment can also amount to deliberate indifference. *See Jett*, 439 F.3d at 1096; *Clement*, 298 F.3d at 905; *Hallett*, 296 F.3d at 744; *Lopez*, 203 F.3d at 1131; *Jackson*, 90 F.3d at 332; *McGuckin*, 974 F.2d at 1059; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further injury. *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at 1060.

[2] Based on the allegations in the Complaint, there is not currently a conviction in the underlying state court proceeding. Accordingly, Mr. Frazier is advised that this Court cannot exercise jurisdiction over certain claims to the extent they relate to his criminal prosecution. "In our American system of dual sovereignty, each sovereign—whether the Federal Government or a State—is responsible for the administration of its own criminal justice system." *See United States v. Yepez*, 704 F.3d 1087, 1091 (9th Cir. 2012) (en banc) (internal quotation marks and citation omitted). The Supreme Court has long made clear that, to further the interests of comity, federal courts may not interfere with pending state criminal prosecutions, even when they raise issues regarding federal rights or interests, absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). A federal court must abstain under Younger if four conditions exist

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

actor for purposes of § 1983. *See Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (citing *Polk County v. Dodson*, 454, U.S. 312 (1981)); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (assigned public defender is ordinarily not considered a state actor); *Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008).

The U.S. Supreme Court has concluded that public defenders do not act under color of state law because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor. *See Polk County*, 454 U.S. at 321. As a result, Mr. Frazier cannot state a § 1983 claim for damages against Clark County Public Defenders Randall H. Pike, David M. Schieck, and W. Jeremy Storms based on the allegations set forth in the Complaint. And, as discussed below, such a claim is properly brought in a petition for writ of *habeas corpus*, following exhaustion of applicable state remedies. *See* 28 U.S.C. § 2254. Accordingly, this claim is improper under § 1983.

Section 1983 and "the federal habeas corpus statute … both provide access to the federal courts 'for claims of unconstitutional treatment at the hands of state officials … [but] they differ in their scope and operation.'" *See Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck v. Humphrey*, 512 U.S. 477, 480 (1994)). Federal courts must take care to prevent prisoners from relying on § 1983 to subvert the differing procedural requirements of habeas corpus proceedings under 28 U.S.C. § 2254. *See Heck*, 512 U.S. at 486-87; *see also Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008).

When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release (such as *ineffective assistance of counsel*), or seeks damages for purported deficiencies in his state court criminal case, his sole federal remedy is the writ of *habeas corpus*. *See Heck*, 512 U.S. at 481-82; *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Wolf v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Fernandez v. Moonin*, No. 2:13-cv-00906-APG, 2013 WL 4517279, at \*3 (D. Nev. July 5, 2013). What is more, when seeking

6

damages for an allegedly unconstitutional imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487–88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id*. at 488.

It is plain from Mr. Frazier's allegations that his claims against Randall H. Pike, David M. Schieck, and W. Jeremy Storms sound in a claim for ineffective assistance of counsel related to his appointed attorneys in his criminal case. That is, at their core, Mr. Frazier's claims raise "a constitutional challenge which could entitle him to an earlier release" such as ineffective assistance of counsel, and "seek damages for purported deficiencies in his state court criminal case." *See Heck*, 512 U.S. at 481-82.

Mr. Frazier's claims for damages against Randall H. Pike, David M. Schieck, and W. Jeremy Storms should be dismissed without prejudice. Mr. Frazier must bring any such claims in a petition for a writ of habeas corpus. Any such claim may be filed in a Federal District Court <u>only after</u> the petitioner has exhausted the remedies available in state court. *See* 28 U.S.C. § 2254(b). Accordingly, this action should be dismissed without prejudice to Mr. Frazier pursuing any habeas claims in a habeas corpus action. If Mr. Frazier chooses to file a habeas corpus petition, he may do so in a new action, with a new case number, on the court-approved forms, accompanied by either a completed application to proceed *in forma pauperis* or the filing fee.

ACCORDINGLY,

IT IS RECOMMENDED that Mr. Frazier's claims for damages under 42 U.S.C. § 1983 against Randall H. Pike, David M. Schieck, and W. Jeremy be DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER RECOMMENDED that the Clerk send to Mr. Frazier a blank petition for writ of habeas corpus form with instructions, as well as the approved form for an Application to Proceed *in forma pauperis* by a prisoner, as well as the document "Information and Instructions for Filing a Motion to Proceed In Forma Pauperis." Mr. Frazier's claims against Randall H. Pike, David M. Schieck, and W. Jeremy for damages pertaining to the ineffective assistance of counsel are DISMISSED WITHOUT PREJUDICE to Mr. Frazier pursuing any habeas claims in a habeas corpus action. Any such claims may be filed in a Federal District Court <u>only after</u> the petitioner has exhausted the remedies available in state court. *See* 28 U.S.C. § 2254(b). If Mr. Frazier chooses to file a habeas corpus petition, he may do so in a new action, with a new case number, on the Court-approved forms, accompanied by either a completed application to proceed *in forma pauperis* or the filing fee. Mr. Frazier may not file any further documents in this action related to these claims.

# NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see also Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 6th day of September, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE